IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DONNA M. MURCHISON,

                Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

                Defendant.

Action No. 3:08–CV–818

MEMORANDUM OPINION

I. INTRODUCTION

THIS MATTER is before the Court on Donna M. Murchison's objections to Judge Dohnal's Report and Recommendation ("R&R") affirming the Social Security Administration's denial of her application for Supplemental Security Income payments. (Doc. No. 12). This denial was based on a finding by Administrative Law Judge Barry Anderson ("ALJ Anderson") that Claimant could perform sedentary unskilled jobs which were available in substantial numbers in the national economy and that Claimant was thus not eligible for SSI benefits. Claimant objects to Magistrate Judge Dohnal's finding 1) that Claimant does not have a severe mental impairment and 2) that Claimant's physicians did not provide objective evidence of a disability. For the reasons set out below, these objections are overruled.

1

## II. BACKGROUND

### A. Background of Claimant and SSI Claim

Claimant is a 49 year old woman (DOB December 22, 1961) residing in Richmond, Virginia. (T: 225-230.) Claimant states that her disability first arose in April 1989, when she suffered an injury to her leg. (T: 225, 236.) Claimant's household consists of herself and at least two of her three children. (T: 226.)

Claimant first filed for SSI in May 2002, claiming that pain in her legs and hypertension prevented her from working. (T: 82.) After her application was denied, Claimant sought and received a hearing before ALJ William Lissner, ("ALJ Lissner") who determined that Claimant was ineligible for SSI in a decision dated April 5, 2004. (T: 192) In reaching his decision, ALJ Lissner found that Claimant's pain and hypertension were "severe" within the meaning of 20 CFR § 416.920(b), but that Claimant's impairments did not meet or medically equal one of the impairments listed at 20 CFR § 404, Appendix 1, Subpart P, Regulation No. 4. (T: 193.) ALJ Lissner considered Claimant's alleged depression but found that the record was devoid of objective signs or symptoms of depression and that, in any event, Claimant's alleged mental impairments had no more than a minimal impact on her ability to function and were "not severe". (T: 195.) Further, ALJ Lissner concluded that Claimant had the residual functional capacity to walk or stand for two hours and sit for six hours during an eight hour work day (T: 199) but that non-exertional limitations, specifically pain, would restrict her to unskilled jobs. (T: 199.) Claimant did not appeal this decision.

Claimant initiated a second application for SSI on December 17, 2004. (See T: 17.)[1] This time Claimant asserted that chronic pain and depression prevented her from working. (T: 236.) This application was again denied and a hearing was held before ALJ Anderson on December 12, 2006. (T:29.) At the hearing ALJ Anderson questioned Claimant about her alleged disabilities, heard Claimant's answers to questions posed by her own attorney, and received medical records submitted by Claimant. (T: 31-55.) This evidence included information regarding Claimant's work history, the nature and origin of Claimant's pain and hypertension, the nature and extent of Claimant's mental health issues, and the limited nature and extent of Claimant's efforts to seek treatment for the foregoing. (T:35-49.) ALJ Anderson also heard testimony from a vocational expert who stated that Claimant's prior work had involved "unskilled, light work" or "low-level semiskilled work". (T: 51.) The vocational expert further testified that there was "unskilled sedentary work" available in Virginia for a person with the Claimant's age, education, and experience. (T:51-52.) On examination by Claimant's attorney, the vocational expert testified that if Claimant lacked the ability to work in an unsupervised environment due to some mental deficit, she would not be able to perform work of the type previously described. (T:50-51.) However, the vocational expert did not conclude that such a deficit existed, nor did ALJ Anderson. (T: 51.)

On December 27, 2006, ALJ Anderson issued a decision denying Claimant's application, finding that she was not disabled under § 1614(a)(3)(A) of the Social

---

[1] It appears that the actual Application was submitted on January 11, 2005, (see T: 228) however, Social Security Administration records state that the date was December 17, 2004, and this date has been referenced by all parties without objection. (See T: 17.)

Security Act. (T:17.) In reaching this conclusion, ALJ Anderson took the findings of ALJ Lissner as res judicata for the period through April 5, 2004.[2] (T:18-19.) ALJ Anderson next outlined the five step inquiry mandated by 20 CFR § 416.920(a) for determining a claimant's disability status and proceeded to apply it. (T:19.) First, ALJ Anderson found that in light of ALJ Lissner's conclusions and the new record, Claimant had not engaged in substantial gainful activity at any time relevant to the decision. (T: 20.) Second, ALJ Anderson found that Claimant's right foot dystrophy and hypertension constituted severe impairments under 20 CFR § 416.920(c). (T: 20.) Giving "great weight" to ALJ Lissner's findings, while still considering new evidence, ALJ Anderson concluded Claimant and her physicians had not produced sufficient evidence to disturb ALJ Lissner's prior finding that Claimant's mental illness and alleged mental deficits did not constitute sever impairments. (T: 20-22.) In reaching this conclusion ALJ Anderson noted that the conclusions in the medical evaluations submitted by Claimant's treatment providers included little in the way of supporting details regarding her alleged impairments and their conclusions were inconsistent with Claimant's own statements regarding her ability to engage in daily activities and ALJ Anderson's observations of Claimant's functionality. (T: 20-22.) Third, ALJ Anderson found that even with the submission of additional medical evidence, there was no reason to disturb ALJ Lissner's conclusion that Claimant did not have an impairment or

---

[2] In considering whether these findings were still applicable to the questions at issue, ALJ Anderson considered 1) whether the prior findings were based on a condition subject to change, 2) the likelihood of such a change during the interveigning period, and 3) the extent evidence not considered in the prior decision provides a basis for making a different finding. (T: 18, citing Albright v. Comm'nr. Social Sec. Admin., 174 F.3d 473 (4th Cir. 1999).)

combination of impairments that met or were medically equal to one of the listed impairments in 20 CFR § 404, Appendix 1, Subpart P, Regulation No. 4. (T: 22.) Fourth, giving great weight to ALJ Lissner's findings, ALJ Anderson concluded that even when additional evidence was considered, Claimant could perform sedentary work entailing simple, routine tasks and that Claimant's right foot dystrophy and hypertension left her with the ability to walk for up to two hours and sit for up to six hours in an eight hour day. (T:22.) While ALJ Anderson found that Claimant's ailments could cause the debilitating pain she claimed, he found that her statements regarding these symptoms were not entirely credible and were uncorroborated by medical records. (T: 23.) ALJ Anderson also noted that while Claimant stated that she suffered from depression, she did not appear to be taking medications prescribed for this condition, and that any non-exertional limitations which did exist would not reduce her residual functional capacity below that required to complete sedentary unskilled work. (T: 23-24.) Giving great weight to the findings of ALJ Lissner, ALJ Anderson concluded that Claimant's past employment had involved light exertion and was thus unsuitable for her, given her established limitations. (T: 24.) Prior to completing the fifth step of his evaluation, ALJ Anderson found that Claimant was a "younger individual" as defined by 20 CFR § 416.963, had a limited education and was able to communicate in English, and that the transferability of her job skills was not material to the determination of disability because the Medical Vocational Rules directly support a finding of "not disabled", whether or not Claimant's skills were transferable. (T: 24-26.) Thus, ALJ Anderson found, at the fifth step of his inquiry that, giving great weight to ALJ Lissner's findings and the testimony of the vocational expert, and having considered Claimant's

age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the Claimant could perform. (T: 25.) In reaching this conclusion, ALJ Anderson again stated that he had considered the impact of Claimant's alleged cognitive deficits and concluded that, while these could affect the outcome of his decision, there was insufficient evidence to establish the level of severity alleged by Claimant. (T:26). Therefore, ALJ Anderson concluded that Claimant had not been under a "disability" as defined by the Social Security Act since December 17, 2004 and denied Claimant's application for SSI. (T: 26.) The Social Security Administration Appeals Council subsequently denied Claimant's request for review, making ALJ Anderson's the final decision of the Commissioner. (T: 9-11.)

### B. Complaint and Magistrate Judge Dohnal's R&R

On December 18, 2008, Claimant filed a Complaint seeking review of the Commissioner's decision to accept ALJ Anderson's conclusions. (Doc. No. 3.) In her Complaint, Claimant alleged 1) that there is no substantial evidence to support the administrative findings which are under review, 2) ALJ Anderson and the Appeals Council applied the incorrect standards of law to this case, and 3) the evidence was not fully developed in the administrative process. (Id. at 2-3.) By way of relief, Claimant sought a declaration that she is entitled to SSI or, in the alternative, that the Court vacate the administrative decision and remand the case to the Social Security Administration for a new hearing. (Id.)

Magistrate Judge Dohnal, in his Report and Recommendation on the parties' cross motions for summary judgment, sought to determine whether the Commissioner's decision was supported by substantial evidence on the record and resulted from the

application of the correct legal standard. (R&R 3.) After reviewing the record, Magistrate Judge Dohnal concluded that it was and had been. (R&R 15.) In preparing his R&R, Magistrate Judge Dohnal considered the arguments of Claimant's counsel that ALJ Anderson's determinations regarding Claimant's mental residual functional capacity were not supported by substantial evidence and that ALJ Anderson's conclusions regarding Claimant's physical residual functional capacity were not supported by substantial evidence. (R&R 7 & 11.) In response to the first argument, Magistrate Judge Dohnal noted that while there was evidence that Claimant's alleged mental impairments did impacted her life by imposing certain limitations on daily activities, social functioning, and concentration, there was no evidence of further impairments other than Claimant's own statements and the blanket assertion of social worker who had seen Claimant only once. (R&R 9-10.) In light of this, Magistrate Judge Dohnal concluded that ALJ Anderson's determination that Claimant's mental impairments were not severe was supported by the substantial weight of the evidence. (R&R 10.) In responses to the second argument, Magistrate Judge Dohnal noted that it was Claimant who bore the burden of presenting objective medical evidence of her conditions and it was perfectly appropriate for ALJ Anderson to rely on his own observations and the conclusions of non-treating physicians and ALJ Lissner when determining Claimant's physical residual functional capacity. (R&R 11.) Magistrate Judge Dohnal took special note of the fact that no treatment notes or supporting information were included in any of the documentation submitted by treating physicians in support of Claimant's allegations regarding her more severe symptoms. (R&R 14.)

## III. APPLICABLE LAW

### A. Standard of Review

A District Court may review a denial of benefits by the Commissioner, 42 U.S.C. § 405(g), but it is limited to determining whether the Commissioner's decision was supported by substantial evidence on the record and whether proper legal standards were applied in evaluating the evidence. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). This same standard applies when reviewing the conclusions of an Administrative Law Judge. See Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (stating that a court must apply that standard to findings of fact by an ALJ). The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001). Thus, a finding is supported by "substantial evidence" if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." Johnson, 434 F.3d at 653. And, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. Id. In determining whether a decision satisfies that standard, the Court may not weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. Mastro, 270 F.3d at 176.

### B. Eligibility for SSI

There is a five-step analysis conducted for the Commissioner by an ALJ to determine if a claimant is eligible for SSI benefits. 20 CFR § 416.920(a)(1). The ALJ considers whether a claimant (1) is performing "substantial gainful activity"; (2) is

8

severely impaired; (3) has an impairment that is at least as severe as one of the impairments listed in 20 CFR § 404, Appendix 1, Subpart P, Regulation No. 4 (if the claimant does, the inquiry ends with a finding of disability); (4) or has the residual functional capacity to continue performing work that she did in the past; or (5) could perform any other job in the national economy. 20 CFR §§ 416.905; 416.920; see Rogers v. Barnhart, 216 F. Appx. 345, 347–48 (4th Cir. 2007). If, at any step of that analysis, the ALJ is able to determine that the claimant is disabled, the inquiry must stop. 20 CFR § 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner if the analysis reaches step five. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The law defines a "disability" as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 CFR § 416.905(a). Such an impairment must be "severe", 20 CFR § 416.905(a) in that it must "significantly limit [a claimant's] physical or mental ability to do basic work activities" 20 CFR § 416.920(c), and this severe impairment must either meet or equal one of the definitions for impairments listed in 20 CFR § 404, Appendix 1, Subpart P, Reglation No. 4. 20 CFR § 416.920(d). Where an impairment fulfills the first condition but does not meet the second condition, the ALJ must be determined whether a claimant's "residual functional capacity" allows a return to a past job or to other jobs available in significant numbers in the national economy. 20 CFR §§ 416.905(a); 920(4); see also Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Residual functional capacity refers to "the most [a claimant]

9

can still do despite [her] limitations" and is assessed "based on all the relevant evidence in [the claimant's] case record." 20 CFR § 416.945(a). Where a claimant has more than one impairment, the ALJ will consider all medically determinable impairments, including impairments that are not severe. 20 CFR § 416.945(a)(2). Proof regarding the existence or absence of available jobs can be provided by a vocational expert answering hypothetical questions which incorporate all of the limitations a claimant is found to possess. See Bowen, 889 F.2d at 50 (all limitations must be incorporated into hypothetical).

Where a claimant asserts that they have a mental impairment, the inquiry outlined in §416.920 is still followed. 20 CFR § 416.920a(a). However, an additional layer of analysis is applied to determine the nature and extent of the mental impairment. This consists of evaluating "pertinent symptoms, signs, and laboratory findings to determine whether [the claimant has] a medically determinable mental impairment. 20 CFR § 416.920a(a)(1). If a medically determinable impairment is found, it must then be rated by the degree of functional limitation which results in four broad areas: activities of daily living, social functioning, concentration, persistence, and episodes of decompensation. 20 CFR § 416.920a(a)(3). The first three of these areas are rated on five point scale, with the fourth factor being rated on a four point scale. If the lowest two ratings are assigned in the first three categories and the lowest rating is assigned in the fourth category, an impairment will generally not be considered severe. 20 CFR § 416.920a(c). If a mental impairment is severe, it will be compared with a mental disorder listed at 20 CFR § 404, Appendix 1, Subpart P, 12.00C, if a severe impairment does not meet or medically equal the definition of a listed disorder, the

limitations it imposes are still assessed in the context of the residual functional capacity analysis. 20 CFR §§ 416.920a(d)(3); 416.945(c). Any ALJ conducting this analysis must document his findings at each stage of the process. § 20 C.F.R. § 416.920a(e).

## IV. DISCUSSION

After reviewing the record below and the applicable law, Magistrate Judge Dohnal concluded that the findings of ALJ Anderson were supported by substantial evidence and that the ALJ had properly applied the relevant legal standards. (R&R 7-11.) As Magistrate Judge Dohnal reviewed each of the five steps in the inquiry undertaken by ALJ Anderson, and considered the extent to which the record supported or detracted from ALJ Anderson's conclusions, it does not appear that this Court would abuse its discretion by adopting his recommendations and affirming the decision of the Commissioner. See Johnson, 434 F.3d at 653; Hines, 453 F.3d at 561. However, Claimant, by counsel, has raised two objections to Magistrate Judge Dohnal's recommendations which are considered below.

### A. Claimant Objects to Magistrate Judge Dohnal's Conclusion that Claimant Does Not Have a Severe Mental Impairment.

In her objections to the R & R, Claimant alleges that ALJ Anderson's reliance on ALJ Lissner's prior findings regarding her physical residual functional capacity was inconsistent with his decision not to find that she had a severe mental impairment. (Obj. 1.) Claimant contends that ALJ Lissner "apparently" found that Claimant had a severe mental impairment because he limited her to "simple routine work", while in this appeal ALJ Anderson found that Claimant's pain and lack of education was what limited her to unskilled work. (Id.) Claimant seems to imply that this piecemeal adoption of ALJ

Lissner's findings was inappropriate, and that since the vocational expert was never posed with a hypothetical question that accurately reflected her impairments, the vocational expert's determination that there were jobs available in significant numbers cannot be given any weight. (Id.)

This argument is based on a flawed premise: ALJ Lissner never determined that Claimant's mental impairments were "severe". In fact, he concluded just the opposite and documented this fact as he was required to by § 416.920a(e). (T: 195.) Claimant's contentions to the contrary, ALJ Lissner actually concluded that Claimant was limited to unskilled work because of her pain and lack of education. (T: 199.) Thus, ALJ Anderson's adoption of ALJ Lissner's findings was in no way piecemeal.[3]

While Claimant cites the Fourth Circuit's decision in Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985), for the proposition that a hypothetical question to a vocational expert must incorporate every limitation on a claimant's functionality in order to serve as a valid basis on which to find that a claimant is not disabled, there is no indication that ALJ Anderson's hypothetical questions to the vocational expert excluded any exertional or non-exertional limitations which were subsequently found to exist. (T: 196-198.) Further, in light of the cross-examination conducted by Claimant's counsel, which did include the alleged mental impairments in a hypothetical question, it seems that ALJ Anderson would have had all the information he would have needed to find that Claimant was disabled if he had found that the alleged impairments actually

---

[3] Nor was ALJ Anderson's reliance on these prior findings inappropriate, since he also considered whether the conditions underlying the prior findings were subject to change and had changed, as well as all of the new evidence introduced. See Albright, 174 F.3d at 475.

12

existed. The fact that ALJ Anderson did not find that these impairments existed is not a failure of the process, but a failure of Claimant's proof.

As both Magistrate Judge Dohnal and ALJ Anderson explained, there was insufficient evidence of a mental impairment to support a finding that it was either "severe" or that it reduced Claimant's residual functional capacity below that required to engaged in unskilled sedentary employment. (R&R 8, 10; T: 20-22, 26.) In reaching this conclusion, ALJ Anderson explained that he considered both ALJ Lissner's prior findings, as well as the medical records submitted by Claimant, and her testimony and demeanor during the Administrative Hearing. (T: 20-22.) Applying the additional analysis required by § 416.920a, ALJ Anderson plainly explained that there was insufficient evidence to support a finding that Claimant's mental impairments were "severe" in light of her current ability to manage daily activities. (T: 20-22.) While ALJ Anderson's findings could have been set out in greater detail, he does appear to have addressed the factors outlined in 20 CFR § 416.920a. (T: 21-22.) Further, as ALJ Anderson noted, the medical records submitted by Claimant merely recited the general conclusion of several physicians and a mental health professional who saw Claimant on one occasion. (T: 21.) Moreover, despite the alleged severity of Claimant's mental health impairments, there was conflicting evidence regarding whether Claimant was actually receiving any treatment for these impairments or taking the medications prescribed. (T: 20.) In light of the scarcity of clinical information regarding Claimant's alleged mental health impairments and the absence of any post-diagnosis treatment, it appears that the substantial weight of the evidence supports ALJ Anderson's conclusions regarding Claimant's mental health and its impact on her residual

functional capacity. Thus, Magistrate Judge Dohnal's recommendation on this point should be adopted and Claimant's objection overruled.

## B. Claimant Objects to Judge Dohnal's Conclusion that Treating Physicians Did Not Present Objective Evidence of Disability

Claimant contends that treating physicians make objective findings every time they diagnose a patient and that requiring them to exhaustively document "inscrutable" levels of pain in order to demonstrate a disability goes beyond the requirements of the statute. (Obj. 2.) In support of this position, Claimant cites the Fourth Circuit's decision in Foster v. Heckler, 780 F.2d 1125, 1128-29 (4th Cir. 1986), where it reversed a finding by an ALJ which did not consider the extent to which a man's debilitating pain diminished his residual functional capacity.[4]

Claimant's objection again overlooks the clear language of ALJ Anderson's decision and Magistrate Judge Dohnal's recommendation. As both explained, an ALJ must base his conclusions on objective medical evidence, the testimony of a Claimant, and his own observations. (R&R: 12-13; T:21-22.) ALJ Anderson clearly stated that he found that Claimant's pain constituted a severe impairment, but that it did not reach the level of severity to warrant a finding of disability. (T: 22.) In reaching this conclusion, ALJ Anderson specifically relied upon the findings of ALJ Lissner, Claimant's own testimony regarding her daily activities, and his observation of her during the hearing. (T:22.) As ALJ Anderson explicitly stated, he did not find that Claimant's statements

---

[4] In Foster, the Circuit considered the appeal of a Claimant with a severe back injury who could only maintain any one position for a 45 minute period and who suffered continual and severe spasms of pain for which he had sought and received extensive treatments. 780 F.2d at 1127-28.

regarding her more severe symptoms to be credible, nor did he find that the existence of these more severe symptoms was supported by objective medical findings in her records. (T: 22.) Thus, again, Claimant is objecting not to a failure of process, but a failure of proof. Because of the limited nature of this Court's authority to review the decisions of ALJ Anderson, Magistrate Judge Dohnal was in no position to revisit what was clearly a question of credibility and not a question of law. See Johnson, 434 F.3d at 653; Mastro, 270 F.3d at 176. Thus, it appears Claimant's second objection should also be overruled.

***

In light of the forgoing, it appears that Claimant's objections to Magistrate Judge Dohnal's R&R are without merit and that he correctly concluded that ALJ Anderson's decision was supported by substantial evidence and a proper application of law.

## V. CONCLUSION

As both ALJ Anderson and Magistrate Judge Dohnal appear to have properly resolved the questions of fact and law surrounding Claimant's application for SSI, it is the conclusion of the Court that Claimant's objections should be OVERRULED, that Magistrate Dohnal's R&R should be ADOPTED, that the Claimant's Motion for Summary Judgment should be DENIED, that the Commissioner's Motion for Summary Judgment should be GRANTED, and that the Commissioner's decision should be AFFIRMED.

Let the Clerk send a copy of this Memorandum Opinion to all parties of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

Entered this  31st  day of March 2010